UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

    Plaintiff,

v.

TAMMY FOSS, et al.,

    Defendants.

Case No. 19-cv-06311-YGR (PR)

**ORDER OF PARTIAL DISMISSAL; DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND DENYING MOTION FOR PRELIMINARY INJUNCTION AS PREMATURE**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Kern Valley State Prison, has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges multiple violations of his constitutional rights by prison officials and medical staff at Salinas Valley State Prison ("SVSP"), where he was formerly incarcerated. Dkt. 1. Plaintiff has also filed a motion for a preliminary injunction. Dkt. 2.

The Court will grant his motion for leave to proceed *in forma pauperis* in a separate written Order.

In his complaint, Plaintiff names the following nineteen Defendants at SVSP: Warden Tammy Foss; Correctional Officers D. Garcia, Villanueva, Carrillo, Alba, Sanchez, and M. Garcia; Dentist "John Doe," Nurse Florez; and John Does 1-10. Dkt. 1 at 5-6.[1] Plaintiff seeks compensatory and punitive damages. *Id.* at 24-25.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Specifically, Plaintiff's twenty-six-page complaint raises multiple allegations with respect to events that occurred at SVSP from May 2018 through May 2018. The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.*" Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

2

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

### B. Legal Claims

Plaintiff lists twenty claims for relief against a total of nineteen defendants (including eleven Doe Defendants), from whom he seeks compensatory and punitive damages. Dkt. 1 at 13-24. As mentioned above, the allegations in the complaint cover a span of time from May 2018 through May 2019, during which period Plaintiff was incarcerated at SVSP. *See id.*

Having reviewed the allegations in the complaint, the Court finds the following pleading deficiencies require that the complaint be dismissed with leave to amend.

#### 1. Rules 18(a) and 20 of the Federal Rules of Civil Procedure

As explained above, Plaintiff's complaint is twenty-six pages long. It lists twenty legal claims and names nineteen Defendants. The complaint is extraordinary broad, and appears to touch upon many instances Plaintiff found objectionable during his incarceration at SVSP between May 2018 through May 2019.

A plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants). Further, parties may be joined as defendants only if "there is asserted against them jointly,

3

severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. *Id.* The court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately. Fed. R. Civ. P. 21.

Here, the complaint alleges twenty claims against Defendants that are not properly joined under Rule 20(a) concerning joinder of claims and defendants. Specifically, these claims against the nineteen Defendants cover a broad array of different incidents by different individuals over the course of approximately one year. In his Amended Complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Plaintiff may not include in a single complaint everything that has happened to him over one-year period that he finds objectionable. He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his Amended Complaint, they will be dismissed.

**2. Rule 8**

As mentioned above, Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation and citation omitted). A complaint that fails to

state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). *See Hutchinson v. United States*, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). However, under section 1983, liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). As explained above, a supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman*, 942 F.2d at 1446. Under no circumstances is there respondeat superior liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, Plaintiff's claims cannot proceed as pleaded because he has not directly linked *all* of the named Defendants to his allegations. Specifically, each of Plaintiff's claims is brought against numerous defendants, some of whom either are not mentioned in his statement of facts, or are linked only in a conclusory manner to his claims. Further, the complaint names a supervisory official (Defendant Foss), against whom liability is alleged solely in their respondent superior capacity, which is improper. *Id.* Additionally, while Plaintiff does directly link some individual Defendants to some of his claims, the allegations in the twenty-six-page complaint are so lengthy and unnecessarily detailed that the Court cannot readily determine all of the injuries for which each of the nineteen Defendants is allegedly liable.

### 3. Summation

In sum, even when Plaintiff's claims are liberally construed, he has failed to provide adequate information for the Court to determine whether the allegations in the complaint state cognizable claims for relief with respect to each of the nineteen Defendants who were allegedly responsible for Plaintiff's injuries at the time he was incarcerated at SVSP. Furthermore, Plaintiff has failed to allege that they meet proper joinder requirements. Plaintiff also has failed to provide a simple, concise, narrative that sets forth all of the injuries attributed to each individual defendant. Accordingly, Plaintiff will be given leave to file an Amended Complaint in which he clearly links each defendant to the alleged injury, or injuries, for which that defendant is alleged to be

responsible. While Plaintiff must, in filing his amended complaint, provide sufficient information to give the defendants fair notice of the nature of the claims against them, Plaintiff need not provide a lengthy narrative with respect to each defendant to satisfy the pleading requirements of Rule 8. Instead, Plaintiff should provide a concise statement identifying each Defendant and the specific action or actions the defendant took, or failed to take, that allegedly caused the deprivation of Plaintiff's constitutional rights, as well as the injury resulting therefrom. Additionally, Plaintiff should not name any defendant who is linked solely in his respondent superior capacity or against whom Plaintiff cannot allege facts that would establish supervisorial liability.

### C. Claims Against Doe Defendants

Plaintiff mentions he wishes to name as Defendants certain Doe Defendant, including Dentist "John Doe" as well as "John Does 1-10," whose names he apparently intends to learn through discovery. Dkt. 1 at 5-6. Where the identity of alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, Plaintiff's claims against the Doe Defendants are DISMISSED. Should Plaintiff learn the identities of the unnamed defendants, he may move for leave to amend to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### III. MOTION FOR PRELIMINARY INJUNCTION

Plaintiff also has filed a motion for a preliminary injunction. Dkt. 2. Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction, notice to the adverse party is required. *See* Fed. R. Civ. P. 65(a)(1). Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served. *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified

complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. *See* Fed. R. Civ. P. 65(b). The motion is DENIED as premature because the parties to this action have not yet been served, and Plaintiff has failed to satisfy either of the criteria under Rule 65(b) for granting a TRO without notice to the adverse parties. *Id.*

**IV.   CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.   Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file a **simple, concise and direct** Amended Complaint which:

a.   States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

   i.   Set forth **each claim** in a separate numbered paragraph;

   ii.   Identify **each defendant** and the **specific action or actions each defendant took, or failed to take**, that allegedly caused the deprivation of Plaintiff's constitutional rights; and

   iii.   Identify the injury resulting **from each claim**;

b.   Explains how he has exhausted his administrative remedies **as to each claim** as against **each defendant** before he filed this action;

c.   Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, because Plaintiff may not list everything that has happened to him over a one-year period in prison that he finds objectionable, the Amended Complaint may only allege claims that:

   i.   Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

   ii.   Present questions of law or fact common to **all Defendants**;

d.   **Does not** make conclusory allegations linking each defendant by listing

7

them as having "direct involvement" to his claims without specifying how each defendant was linked through their actions;

   e. **Does not** name any defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish either supervisorial or municipal liability; and

   f. **Does not** name Doe Defendants.

  2. Plaintiff's claims against the Doe Defendants are DISMISSED without prejudice to Plaintiff moving for leave to amend to add them as named defendants once he learns their identities.

  3. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his Amended Complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 19-6311 YGR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

  4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

(2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

5. The Clerk shall send Plaintiff a blank civil rights form along with a copy of this Order.

6. Plaintiff's motion for a preliminary injunction is DENIED as premature. Dkt. 2.

7. This Order terminates Docket. No. 2.

IT IS SO ORDERED.

Dated: April 20, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge