UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

    Plaintiff,

v.

SALINAS VALLEY STATE PRISON FACILITY-D MALE DENTIST "G.",

    Defendant.

Case No. 19-cv-06311-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Plaintiff, a state prisoner, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend. Dkt. 14. Thereafter, Plaintiff filed his amended complaint. Dkt. 15. However, on May 18, 2020, Plaintiff filed a motion for extension of time to file a second amended complaint ("SAC"). Dkt. 16. On June 26, 2020, the Court granted Plaintiff leave to file his SAC. Dkt. 18. Plaintiff has since filed his SAC. Dkt. 22.

Plaintiff's SAC, the operative complaint in this action, is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff alleges that in the summer of 2015 all of his teeth but three on the bottom were pulled (pursuant to his dental plan) and he was told he would receive replacement teeth. Dkt. 22 at 3. However, Plaintiff never received his replacement teeth. *Id.* He filed a grievance complaining about this on June 15, 2018, and in response to his grievance, on June 28, 2018, his "dental prosthetic case begun." *Id.* Plaintiff alleges that following claims: (Claims 1&2) in January 10, 2019, Defendant Salinas Valley State Prison ("SVSP") Facility-D Male Dentist "G."[1] (hereinafter "Defendant Dentist G") "placed the completed replacement teeth in Plaintiff's mouth," but even though they "fit perfect[ly]," Defendant Dentist G denied Plaintiff his replacement teeth without explanation, in violation of the Eighth Amendment, *id.* at 3-8; (Claim 3) "state tort medical/dental negligence," *id.* at 8; and (Claim 4) "other violations of other mandatory duties imposed on the Defendants." Plaintiff alleges that he continues to "suffer general and specific damages" due to Defendant Dentist G's refusal to provide Plaintiff with his replacement teeth. Plaintiff seeks injunctive relief as well as compensatory and punitive damages.

First, the threshold question presented is whether the Court has jurisdiction to consider

---

[1] Plaintiff claims that Defendant "G." "refused to give Plaintiff his full name." Dkt. 22 at 2. However, Plaintiff adds that Defendant "G.'s" "official position is a dentist . . . assigned at [SVSP] Facility-D." *Id.*

Plaintiff's claim for injunctive relief, in light of his transfer from SVSP to Kern Valley State Prison ("KVSP"), where he is currently incarcerated. When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be returned to the prison where the injury occurred is too speculative to overcome mootness. *Id.* Here, Plaintiff's transfer from SVSP to KVSP renders moot his claims for injunctive relief. Therefore, the Court dismisses Plaintiff's claim for injunctive relief.

Claims 1 and 2, when liberally construed, are cognizable under section 1983 and shall proceed. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates).

As to Claim 3, Plaintiff alleges that Defendant Dentist G's actions violate various provisions of California constitutional, statutory and tort law. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a). Liberally construed, Plaintiff's allegations satisfy the statutory requirement. Thus, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

Finally, as to Claim 4, Plaintiff alleges that Defendant Dentist G's actions violated several mandatory duties under state law. California Government Code § 815.6 states in pertinent part: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." California courts utilize a three-pronged test to determine if liability for a mandatory duty may be imposed upon the public entity: (1) a statute or enactment must impose a mandatory duty (2) that intends to protect against the kind of risk of injury suffered by the plaintiff, and (3) breach of the mandatory duty must be a proximate cause of the injury suffered. *County of Los Angeles v. Superior Court*, 102 Cal. App. 4th 627,

638-39 (2002). Plaintiff argues that the "Business and Profession Code, Division (2) Healing Arts Chapter #4 Dentistry Article (4) Section 1680 Unprofessional Conduct Defined Sections 1681, 475 and 490," the California Department of Corrections and Rehabilitation Operations Manual ("CDCR DOM") §§ "3.3.2.6 'Dental Prosthodontic Services,'" and the "California Code of Regulations Title 15, CCR 15, Sections Article 6 "Dental Care 399.364, 399.367(c) & (d), (r) 'Dental Prosthetics'" impose a "mandatory duty" on Defendant Dentist G. First, Plaintiff's SAC does not allege that any of these particular regulations were intended to protect against Plaintiff's alleged injury. He also failed to specify that Defendant Dentist G engaged in behavior that would specifically fall under these regulations. Thus, there is no link between any alleged mandatory duty and Defendant Dentist G. Finally, some of these regulations appear to be general declarations of policy goals, and thus do not impose a mandatory duty within the meaning of section 815.6. *See County of Los Angeles*, 102 Cal. App. 4th at 639. Thus, Plaintiff's claim that Defendant Dentist G violated his mandatory duty under the aforementioned regulations is DISMISSED.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claim for injunctive relief is DISMISSED.

2. Plaintiff's Eight Amendment claims (Claims 1 and 2) are cognizable under section 1983.

3. The Court will exercise supplemental jurisdiction over Plaintiff's state law claims (Claim 3).

4. Plaintiff's Claim 4 that Defendant Dentist G violated his mandatory duty under the aforementioned regulations is DISMISSED.

5. The Clerk of the Court shall send a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the SAC and all attachments thereto (dkt. 22), and a copy of this Order to **Salinas Valley State Prison Facility-D Male Dentist "G."**

The Clerk shall also send a copy of the SAC and a copy of this Order to the State Attorney

4

General's Office in San Francisco. Additionally, the Clerk shall send a copy of this Order to Plaintiff.

6. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendant will be required to bear the cost of such service unless good cause be shown for Defendant's failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

7. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

1   in Rand must be served concurrently with motion for summary judgment). A motion to dismiss
2   for failure to exhaust available administrative remedies must be accompanied by a similar notice.
3   However, the court notes that under the new law of the circuit, in the rare event that a failure to
4   exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule
5   12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.
6   *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315
7   F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
8   remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a
9   defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on
10  the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion
11  for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most
12  favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under
13  Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the
14  district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at
15  1168.

16  If Defendant is of the opinion that this case cannot be resolved by summary judgment,
17  Defendant shall so inform the court prior to the date the summary judgment motion is due. All
18  papers filed with the court shall be promptly served on Plaintiff.

19      b.    Plaintiff's opposition to the dispositive motion shall be filed with the court
20  and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's
21  motion is filed.

22      c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of
23  the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you
24  must do in order to oppose a motion for summary judgment. Generally, summary judgment must
25  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
26  any fact that would affect the result of your case, the party who asked for summary judgment is
27  entitled to judgment as a matter of law, which will end your case. When a party you are suing
28  makes a motion for summary judgment that is properly supported by declarations (or other sworn

1 testimony), you cannot simply rely on what your complaint says. Instead, you must set out
2 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
3 as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and
4 documents and show that there is a genuine issue of material fact for trial. If you do not submit
5 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
6 If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154
7 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.    Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

9. All communications by Plaintiff with the court must be served on Defendant or Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to them.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

11. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: January 13, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge